# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **VISION BANK,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   **CIVIL ACTION 10-0333-WS-N** |
| | ) |
| **TIMOTHY A. HILL,** *et al.***,** | ) |
| | ) |
|     **Defendants.** | ) |

## ORDER

This matter comes before the Court on plaintiff's Motion for Entry of Default Judgment (doc. 17) and Amended Motion for Entry of Default Judgment (doc. 21).

## I.  Background.

On June 28, 2010, plaintiff, Vision Bank ("Vision"), filed a Complaint (doc. 1) in this District Court against defendants, Timothy A. Hill and Romney S. Hill (collectively, the "Hills"). The Complaint alleged that the Hills, jointly and severally, were indebted to Vision on six promissory notes executed between 2005 and 2008 whose initial principal amounts totaled $696,114.85, as well as a home equity line of credit whose maximum principal amount was $110,000. The Complaint further alleged that the notes had matured, that the Hills were in default, that all sums owed thereunder are now due and payable in full, and Vision is the holder of the notes. On the strength of these allegations, Vision asserted causes of action against the Hills for, *inter alia*, recovery of all sums owed under the notes, including principal, interest, late charges, attorney's fees and costs.[1]

Vision successfully served process on each defendant in Tennessee via certified mail in late August 2010. (Docs. 11, 12.) Yet the Hills elected not to appear in this action or to defend

---

[1] Federal subject-matter jurisdiction was properly predicated on the diversity provisions of 28 U.S.C. § 1332, inasmuch as there appears to be complete diversity of citizenship between plaintiff and defendants and the amount in controversy far exceeds the $75,000 jurisdictional threshold.

against Vision's claims. On that basis, and upon a proper showing, the Clerk of Court entered a default against both defendants pursuant to Rule 55(a), Fed.R.Civ.P., on October 4, 2010, for failure to plead or otherwise defend. (Doc. 16.)[2] Following the Clerk's Entry of Default, Vision filed a Motion for Entry of Default Judgment (doc. 17), which it supplemented two months later with an Amended Motion for Entry of Default Judgment (doc. 21).

**II.    Analysis.**

   *A.    Entry of Default Judgment is Appropriate.*

In this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1369 (11th Cir. 1982) ("Since this case involves a default judgment there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment."). Nonetheless, it is well established that a "district court has the authority to enter default judgment for failure ... to comply with its orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

Where, as here, a defendant has failed to appear or otherwise acknowledge the pendency of a lawsuit for more than four months after being served, entry of default judgment is appropriate. Indeed, Rule 55 itself provides for entry of default and default judgment where a defendant "has failed to plead or otherwise defend." Rule 55(a), Fed.R.Civ.P. In a variety of contexts, courts have entered default judgments against defendants who have failed to appear and defend in a timely manner following proper service of process.[3] In short, then, "[w]hile modern

---

   [2]    The Clerk's Office mailed a copy of the Clerk's Entry of Default to defendants at the same mailing address at which they had accepted service a few weeks earlier. As such, it is apparent that the Hills have actual notice of the default proceedings initiated against them in this matter. Besides, Vision's original Motion for Entry of Default Judgment (doc. 17) includes a certificate of service reflecting that copies of that Motion were mailed to the defendants at the same Tennessee address where service of process was perfected. Under the circumstances, defendants have received more than sufficient notice of the ongoing default proceedings, but have chosen to remain silent and to undertake no effort to defend their interests in this case. Accordingly, the Court concludes that no further notice to defendants is warranted prior to entry of default judgment against them.

   [3]    *See, e.g., In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987) ("Where a party offers no good reason for the late filing of its answer, entry of default judgment against that party (Continued)

courts do not favor default judgments, they are certainly appropriate when the adversary process has been halted because of an essentially unresponsive party." *Flynn v. Angelucci Bros. & Sons, Inc.*, 448 F. Supp.2d 193, 195 (D.D.C. 2006) (citation omitted). That is precisely what the Hills have done here. Despite being served with process back in August 2010, both defendants have declined to appear or defend, and have thereby stalled the progress of this litigation.

The law is clear, however, that defendants' failure to appear and the Clerk's Entry of Default do not automatically entitle Vision to a default judgment in the requested (or any) amount. Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp.2d 1353, 1357 (S.D. Ga. 2004); *see also Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1204 (5th Cir. 1975) (similar); *Descent v. Kolitsidas*, 396 F. Supp.2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997); *see also Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof.").

In light of these principles, the Court has reviewed the Complaint and is satisfied that it sets forth viable causes of action against the Hills under Alabama law. In particular, the Complaint includes specific allegations that the Hills are jointly and severally indebted to Vision

---

is appropriate."); *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992) ("when the court finds an intentional failure of responsive pleadings there need be no other finding" to justify default judgment); *PNCEF, LLC v. Hendricks Bldg. Supply LLC*, --- F. Supp.2d ----, 2010 WL 3672257, *2 (S.D. Ala. Sept. 10, 2010) ("Where, as here, a defendant has failed to appear or otherwise acknowledge the pendency of a lawsuit for more than three months after being served, entry of default judgment is appropriate."); *Kidd v. Andrews*, 340 F. Supp.2d 333, 338 (W.D.N.Y. 2004) (entering default judgment against defendant who failed to answer or move against complaint for nearly three months); *Viveros v. Nationwide Janitorial Ass'n, Inc.*, 200 F.R.D. 681, 684 (N.D. Ga. 2000) (entering default judgment against counterclaim defendant who had failed to answer or otherwise respond within time provided by Rule 12(a)(2)).

on the six promissory notes and the home equity line of credit, that all sums owed under those agreements are now due and payable in full, and that Vision holds the notes. These factual allegations appear adequate to state viable causes of action under Alabama law for recovery on the notes and line of credit.[4] Because all of these well-pleaded factual allegations in the Complaint are deemed admitted by virtue of defendants' default, and because they are sufficient to state claims under Alabama law, the Court finds that the Hills are liable to Vision.

Simply put, entry of default judgment against both defendants is appropriate pursuant to Rule 55, given their failure to appear after service of process and the sufficiency of the well-pleaded factual allegations of the Complaint (all of which defendants have admitted) to establish their liability to Vision on the breach of note theory set forth in the Complaint.

### B.     *Plaintiff's Proof of Damages.*

Notwithstanding the propriety of default judgment against the Hills, it remains incumbent on plaintiff to prove the amount of damages to which it is entitled. "While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages." *Virgin Records America, Inc. v. Lacey*, 510 F. Supp.2d 588, 593 n.5 (S.D. Ala. 2007); *see also Eastern Elec. Corp. of New Jersey v. Shoemaker Const. Co.*, 652 F. Supp.2d 599, 605 (E.D. Pa. 2009) ("A party's default does not suggest that the party has admitted the amount of damages that the moving party seeks."). Even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see also Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects the basis for award); *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001) (affirming lower court's decision not to award damages on default judgment, where requested damages were

---

[4]     *See generally Barrett v. Radjabi-Mougadam*, 39 So.3d 95, 98 (Ala. 2009) (elements of breach of contract claim under Alabama law are valid contract, plaintiff's performance, defendant's nonperformance, and damages); *Christy v. Smith Mountain, Inc.*, 855 So.2d 1103, 1106 (Ala.Civ.App. 2003) (complaint stated claim for unpaid account by alleging that defendant owed plaintiff sum certain pursuant to agreement between parties for sale of materials).

"speculative and not proven by a fair preponderance of the evidence"); *Natures Way Marine, LLC v. North America Materials, Inc.*, 2008 WL 1776946, *1 (S.D. Ala. Apr. 16, 2008) (in default judgment setting, district court has obligation "not to award damages that are uncertain or speculative").[5] "Rather than merely *telling* the Court in summary fashion what its damages are, a plaintiff seeking default judgment must *show* the Court what those damages are, how they are calculated, and where they come from." *PNCEF, LLC v. Hendricks Bldg. Supply LLC*, --- F. Supp.2d ----, 2010 WL 3672257, *5 (S.D. Ala. Sept. 10, 2010).

As proof of its damages, Vision has submitted the Affidavit of Frank W. Wagner, II, its Senior Vice President, along with dozens of pages of financial records purporting to document the principal and interest owing under each loan identified in the Complaint. With respect to Vision's loan #80411, defendant's evidence reflects that on February 25, 2005, the Hills borrowed $135,000 from Vision, and agreed to terms including an 18% interest rate on the balance of the note not paid at maturity, including acceleration. (Doc. 17-2.) Vision's records confirm an outstanding principal balance of **$98,195.96** on this note. (Wagner Aff. (doc. 21,

---

[5] In that regard, the Eleventh Circuit has explained that "[f]ederal law similarly requires a judicial determination of damages absent a factual basis in the record," even where the defendant is in default. *Anheuser Busch*, 317 F.3d at 1266. Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a sum certain, the law "requires the district court to hold an evidentiary hearing" to fix the amount of damages. *S.E.C. v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005). However, no hearing is needed "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *Id.* at 1232 n.13; *see also Flynn v. Extreme Granite, Inc.*, 671 F. Supp.2d 157, 160 (D.D.C. 2009) (district court is not required to hold hearing to fix damages in default judgment context as long as it ensures there is a basis for damages specified); *Eastern Elec. Corp.*, 652 F. Supp.2d at 605 ("In considering the amount of damages ..., the Court may make its determination by conducting a hearing or by receiving detailed affidavits from the claimant."); *Virgin Records*, 510 F. Supp.2d at 593-94 ("Where the amount of damages sought is a sum certain, or where an adequate record has been made via affidavits and documentary evidence to show ... damages, no evidentiary hearing is required."); *Natures Way Marine, LLC v. North American Materials, Inc.*, 2008 WL 801702, *3 (S.D. Ala. Mar. 24, 2008) ("Although the trial court must make determinations as to the amount and character of damages, it is not necessary to conduct an evidentiary hearing to fix damages if the amounts sought by plaintiff are adequately supported by supporting affidavits and other documentation."). In this case, Vision has not requested a damages hearing, but has instead submitted evidence in support of its requested damages amount. In light of the foregoing authorities and circumstances, the damages determination will stand or fall on Vision's written evidentiary submission, without the need for a full-blown hearing.

Exh. A), at Exh. 1A.)  Vision's records likewise confirm late charges of **$201.44**, and accrued, unpaid interest of **$28,234.48** calculated through today's date.  (*Id.* at ¶ 3 and Exh. 1B.)

With respect to Vision's loan #81167, defendant's evidence reflects that on March 19, 2008, the Hills borrowed $56,263.75 from Vision, and agreed to terms including an 18% interest rate on the balance of the note not paid at maturity, including acceleration.  (Doc. 17-3.) Vision's records confirm an outstanding principal balance of **$45,620.00** on this note.  (Wagner Aff., at Exh. 2A.)  Vision's records likewise confirm late charges of **$117.90**, and accrued, unpaid interest of **$12,123.87** calculated through today's date.  (*Id.* at ¶ 4 and Exh. 2B.)

Next is Vision's loan #82716, wherein the Hills borrowed $207,943.89 from Vision on May 29, 2008 and agreed to pay interest at a rate of 18% on unpaid balances owed at the time of maturity.  (Doc. 17-4.)  Plaintiff's records reflect that the outstanding principal balance on this note is **$163,918.89**.  (Wagner Aff., at Exh. 3A.)  Vision has adequately established that the Hills also owe **$437.46** in late charges on this note, plus accrued, unpaid interest of **$48,218.93**, calculated through today's date.  (*Id.* at ¶ 5 and Exh. 3B.)

The fourth note at issue in this action is Vision's loan #94919, wherein the Hills borrowed $200,000 from Vision on July 4, 2008 and agreed to pay interest at the rate of 18% on any balance owed at maturity.  (Doc. 17-5.)  Plaintiff's proof on default judgment demonstrates a principal balance owed of **$200,168.98** on this note.  (Wagner Aff., at Exh. 4A.)  Other evidence submitted by Vision shows that the Hills also owe late fees of **$499.83** on loan #94919, as well as accrued unpaid interest in the total amount of **$49,146.17** through today's date.  (*Id.* at ¶ 6 and Exh. 4B.)

The fifth note on which Vision sued the Hills in this case was loan #300071, pursuant to which the Hills borrowed $48,000.00 from Vision on June 26, 2008.  (Doc. 17-6.)  As with the other notes, the Hills agreed to pay a default interest rate of 18% upon maturity of the loan.  (*Id.*) Plaintiff's payment records for this loan confirm that the principal balance owed at this time is **$48,315.00**.  (Wagner Aff., at Exh. 5A.)  Vision's documents further establish that the Hills are indebted on this note for late charges of **$124.16**, and accrued unpaid interest of **$12,000.94**.  (*Id.* at ¶ 7 and Exh. 5B.)

As for the sixth and final promissory note at issue herein, defendant's evidence is that Vision's loan #300235 resulted in the Hills borrowing $48,907.21 from Vision on August 29, 2007, and agreeing to the usual 18% interest rate on post-maturity amounts owed.  (Doc. 17-7.)

Plaintiff's documentation establishes a principal balance owed on this note of **$37,707.95**. (Wagner Aff., at Exh. 6A.)  Plaintiff has also shown that it is entitled to late charges of **$84.92** and accrued unpaid interest of **$11,838.20**, through today's date.  (*Id.* at ¶ 8 and Exh. 6B.)

With respect to the Hills' indebtedness on the home equity line of credit, Vision and the Hills entered into an agreement on September 28, 2006 whereby Vision extended to the Hills a line of credit in the maximum amount of $110,000.  (Doc. 17-8.)  Plaintiff's evidence submitted in connection with its default judgment request shows that the unpaid principal balance owed by the Hills and drawn on that line of credit is **$103,191.33**.  (Wagner Aff., at ¶ 9 and Exh. 7A.) Plaintiff has also adequately shown that the accrued interest owed on this account is **$2,958.62**. (*Id.*)

Plaintiff having demonstrated that all of the bold-type amounts recited above are elements of damages which it is entitled to recover against the Hills in this matter, the Court will enter a default judgment in the grand total of those amounts, to-wit:  **$863,105.03**.[6]

## III.   Conclusion.

For all of the foregoing reasons, it is hereby **ordered** that plaintiff's Motion for Entry of Default Judgment (doc. 17) and Amended Motion for Entry of Default Judgment (doc. 21) are **granted in part, and denied in part**.  A default judgment will be entered in favor of plaintiff, Vision Bank, and against defendants, Timothy A. Hill and Romney S. Hill, jointly and severally, in the total amount of **$863,105.03**.

---

[6]   Plaintiff also seeks an award of attorney's fees and expenses.  (Doc. 21, ¶ 5.) Although plaintiff does not identify them, the agreements at issue do contain provisions (albeit in tiny print and nearly illegible on the exhibits provided) through which the Hills agreed to pay Vision's "reasonable costs" of collecting on these loans, including a "reasonable attorney's fee." But plaintiff's only evidence of costs and attorney's fees is Wagner's conclusory statement that "[a]s of December 16, Vision has incurred legal fees of $6,429 and expenses of $429.15 in connection with this loans."  (Wagner Aff., ¶ 10.)  The trouble with this proof is twofold.  First, it overlooks this Court's previous admonition to plaintiff about the critical importance of submitting backup documentation to establish its damages.  (*See* doc. 18.)  Second, without itemization or explanation of what these attorney's fees and costs represent or how they were incurred, the Court cannot satisfy its obligation to ascertain the reasonableness of the charges. *See generally PNCEF*, 2010 WL 3672257, at *5 ("The Court's task … is instead to determine [plaintiff]'s *actual* attorney's fee incurred in enforcing its rights … in this matter, and to ascertain whether that actual figure … is a 'reasonable attorney's fee' within the ambit of" the agreement).  Accordingly, the Court **disallows** plaintiff's request for award of attorney's fees and expenses.

A separate default judgment will enter.

Because this Order and the accompanying Default Judgment resolve all issues against all parties herein, the Clerk's Office is **directed** to close this file for administrative and statistical purposes.

DONE and ORDERED this 25th day of January, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE